Curia, per

Evans, J.
The small spots of land, represented on the plat, of which Arnold had possession as the tenant of Steedman, and to which he thus acquired a title by possession, are within the lines of the Connor grant, the Starke grant, and the plaintiff’s grant, and these bear date in the order in which they are named. The question made in the brief is, whether this possession can give the plaintiff a title, under the statute of limitations, to so much of the land lying outside of the Conner grant as is covered by his and the Starke grant, and upon which there never was an actual possession. I take it to be well settled, that where the same land is covered by two grants from the State, or two deeds from an individual, the junior grant or deed conveys no title. The idea of a title derived from a grant implies that the grantor has something to convey, which he cannot have if his title has already been conveyed to another. Such a grant is a mere nullity and conveys nothing. In cases where the junior grantee has been in possession long enough to give him title, his grant may serve to fix the extent of his claim, so as to make his constructive possession commensurate with it: but a plat or even marked trees will have the same effect. I think it too clear to admit of doubt, that the Starke grant conveyed no title to any land which was covered by the Connor grant.
I have always supposed that the title derived from possession, under the statute of limitations, was founded on adverse possession, which means a holding in the occu *104 pant’s own right, in hostility to the title of the owner. Snch a possession cannot be adverse or in hostility to one who has no title to oppose to it. "What we usually call constructive possession is a mere incident to an actual possession. There can be no constructive where there is no actual possession. If this be so, how could Steedman acquire a title to Starke’s land by a constructive possession, when he never bad actual possession of any land to which Starke ever had a title ? The proposition amounts to this, that an actual possession of land which never did belong to Starke may bar his title to what did belong to him. It seems to me the question is solved by asking if Starke ever had a right of action against Steed-man. Could he have sued Steedman, or his tenant Arnold, for the trespass committed in taking possession of the land? Connor was the owner of the land ; he might have sued ; but Starke could not. If he had, it would have been enough for Steedman to have produced the Connor grant.
It is supposed the circuit decision derives some support from the peculiar wording of our Act of 1712 for quieting possessions and barring actions. That Act does not in words say, that the title of the owner shall be barred, unless he brings his action within five years, as it does in relation to other actions. It gives a title to one who has been in possession for that length of time: but the exceptions, in favor of infants and others, all shew that the title thus acquired is only against the owner, and all our cases go on the notion that the owner has failed to prosecute his action against the occupant, for the time fixed by the statute, after an action has accrued to him, and is therefore barred ; or, in other words, by reason of his negligence, the occupant’s title is perfected as against him, but the title of no other person can be affected, either directly or indirectly. If a tenant for life suffer one to remain in possession of the land ten years, holding adversely, his title is barred: but the remainder-man is not barred until ten years after a right of action accrued to him by the termination of the life estate. Nor is there any thing contrary to the opinion here advanced in what Judge Nott says in *105 Turpin vs. Brannon, 3 McC, 261, “ that after the quiet enjoyment of land for five” (now ten) “ years, the law presumes a title in the occupant, which may have been lost by accident. The possession is substituted for the title.” In many particulars, there is a resemblance between a title under the statute of limitations, and a title arising by presumption of law from twenty years possession : but I do not perceive that makes any difference in the result of this case. Presumptions of title are inferences from the conduct of the parties. If the owner acquiesces in the right of the occupant for twenty years, the law presumes the occupant’s possession to have been originally rightful, with a good title. But I do not see how this can assist Steed-man in acquiring a title against Starke. His possession was on land which belonged to Connor; not to Starke. Starke never acquiesced in Steedman’s assertion of title to his land, and at no period of time, since Steedman’s tenant, Arnold, went into possession, has there been adverse possession on Starke’s land. He has acquiesced in Steedman’s possession because he had no right to dispute it. I think a new trial should be ordered, and the motion is granted.
Richardson, O’Neall, Wardlaw and Frost, JJ. concurred.
Butler, J. absent at the argument.